**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1224n.06

No. 10-4103

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Nov 27, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Southern |
| CURTIS HOWARD, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      BOGGS and GIBBONS, Circuit Judges; and RUSSELL, District Judge.[*]

BOGGS, Circuit Judge.  This case concerns whether a conviction based on Ohio Rev. Code § 2925.03(A)(1) that prohibits a mere *offer to sell* drugs—but does not require actual possession of drugs—qualifies as a controlled-substance offense under U.S.S.G. § 2K2.1(a)(2).

Howard pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  Howard's pre-sentence report (PSR) provided for a base offense level of 24 per § 2K2.1(a)(2) of the United States Sentencing Guidelines, noting that Howard committed the instant offense after sustaining at least two felony convictions for a crime of violence or a controlled substance offense.  *See* U.S.S.G. § 2K2.1(a)(2) (stating that a base offense level of 24 applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a *controlled substance offense*" (emphasis added)).  In

---

[*]The Honorable Thomas B. Russell, United States Senior District Judge for the Western District of Kentucky, sitting by designation.

concluding that U.S.S.G. § 2K2.1(a)(2) applied, the PSR referenced three of Howard's prior convictions in the Hamilton County Court of Common Pleas. Those convictions were: Trafficking of Marijuana, No. B 02-6308; Trafficking of Ecstasy, No. B 07-5458; and Trafficking of Heroin, No. B 07-7865. Each conviction was for a violation of Ohio Rev. Code § 2925.03(A)(1), which provides that "[n]o person shall knowingly . . . [s]ell or *offer to sell* a controlled substance." (emphasis added). Howard objected to the inclusion of these Ohio drug-trafficking convictions, contending that the prior offenses were not "categorically 'controlled substance offenses,' as the Ohio statute allowed for a conviction for a mere 'offer to sell.'" Appellant Br. at 4. The district court, acknowledging that the Sixth Circuit had not, at the time of Howard's sentencing, determined whether a conviction based on a state statute that prohibits a mere *offer to sell* qualified as a controlled-substance offense under U.S.S.G. § 2K2.1(a)(2), overruled Howard's objection and held that his prior violations of the Ohio statute were controlled-substance offenses that supported a base offense level of 24.

Howard appealed the district court's decision to apply a base offense level of 24, and we granted oral argument to resolve what, at the time, was an issue of first impression for this circuit. After our oral argument, however, this court decided *United States v. Evans*, No. 11-3460, 2012 WL 5518965, at *7 (6th Cir. Nov. 15, 2012), which held that any conviction under Ohio Rev. Code § 2925.03(A)(1) does qualify categorically as a controlled-substance offense for the purposes of U.S.S.G. § 2K2.1(a)(2). Thus, the reasoning of that opinion controls the instant case, and we hold that Howard's three convictions under Ohio Rev. Code § 2925.03(A)(1) were controlled-substance offenses for the purposes of U.S.S.G. § 2K2.1(a)(2) and support a base offense level of 24.

Accordingly, we AFFIRM the judgment of the district court.